**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NELSON ALBA CACERES., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 3:26-cv-01930 |
| v. | ) | |
| | ) | |
| LEONARD ODDO, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MEMORANDUM ORDER DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Nelson Alba Caceres filed a Petition for Writ of Habeas Corpus alleging that he was illegally subject to mandatory detention after his arrest on September 28, 2026. (ECF No. 1). Petitioner asserts that he was detained pursuant to 8 U.S.C. § 1225(b)(2)(A), which the Third Circuit has found inapplicable to noncitizens residing in the interior of the county. *Buele Morocho v. Warden*, – F.4th —, Nos. 26-1150 & 26-1454, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). Respondents have filed a Response to the Petition representing that Petitioner was in fact detained pursuant to 8 U.S.C. § 1226(a) and presently has access to an individualized bond hearing in immigration court. (ECF No. 6).

Respondents have provided documentary evidence showing that Petitioner elected to have his custody determination reviewed by an Immigration Judge ("IJ") on October 5, 2026, (ECF No. 5-6), and that the next day a bond hearing was scheduled to take place on October 14, 2026. (ECF No. 5-7). On October 16, 2026, Respondents filed a Notice stating that Petitioner was present before an IJ at the date and time of the scheduled bond hearing and that the IJ withdrew the bond request because Petitioner's counsel did not attend the hearing. (ECF No. 6).

The IJ Order states the bond withdrawal is without prejudice because counsel did not appear, and that counsel for Petitioner may refile for bond at any time. (ECF No. 6).

The Court therefore agrees with Respondents that the Petition should be dismissed as moot because Petitioner has access to a bond hearing in the immigration court under § 1226(a). Respondents have shown that Petitioner is not being detained pursuant to § 1225(b)(2)(A) or otherwise subject to mandatory detention, which are the only claims Petitioner advances.

AND NOW, this 20th day of October, 2026, IT IS HEREBY ORDERED that the Petition is DISMISSED WITHOUT PREJUDICE as moot. The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

/s/ Mark R. Hornak_________________
Mark R. Hornak
UNITED STATES DISTRICT JUDGE